# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8116 | **DATE** | 3/29/2000 |
| **CASE TITLE** | EEOC vs. K&J Management, Inc. et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Kyra Kyles and Lolita Pierce's motion (Doc 10-1) to intervene is granted. Ruling set for April 12, 2000 is moot. Status hearing set for April 12, 2000 at 9:30 a.m. to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 29 2000 | 17 |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| K & J MANAGMENT, INC., and JK GUARDIAN SECURITY SERVICES, INC., | ) ) ) | 99 C 8116 |
| Defendants. | ) ) ) | |
| KYRA KYLES and LOLITA PIERCE, | ) ) | DOCKETED |
| Applicants for Intervention. | ) | MAR 29 2000 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Applicants motion to intervene as party plaintiffs pursuant to Federal Rule of Civil Procedure 24(a)(1) and 42 U.S.C. §2000e-5(f)(1). For the reasons set forth below, the Court grants the motion.

## BACKGROUND

The Equal Employment Opportunity Commission (the "EEOC") filed a complaint against Defendants K&J Management, Inc. (K&J) and J.K. Guardian Security Services, Inc. ("Guardian") (collectively, the "Defendants"), alleging that Defendants retaliated against Kyra Kyles ("Kyles") and Lolita Pierce ("Pierce")

(collectively, the "Applicants") in violation of 42 U.S.C. §§2000e et seq. ("Title VII"). Applicants presently seek to intervene in this action.

The background of this case begins with a previous action brought by Kyles and Pierce against Guardian, which alleged violations of Title VII and 42 U.S.C. §1981. See Kyles v. J.K. Guardian Security Services, Inc., No. 97 C 8311, 1998 WL 677165 (N.D. Ill. Sept. 28, 1998). Kyles and Pierce are both African-American. The previous action consisted of the facts that follow. In their positions as "testers" for the Legal Assistance Foundation of Chicago ("LAFC"), Kyles and Pierce posed as job seekers who presented fictitious resumes in order to detect unlawful discrimination in hiring. In June 1995, Applicants and two other white testers employed by LAFC sought a receptionist position with Guardian. After interviewing all four testers, Guardian offered the position to the two white testers. As a result, LAFC concluded that Guardian had discriminated against Applicants. After receiving right-to-sue letters from the EEOC, Kyles and Pierce filed suit against Guardian in federal court. Guardian then answered Applicants' complaint and counterclaimed for fraud on behalf of itself and K&J. Applicants moved to dismiss Guardian's and K&J's fraud counterclaim, and the District Court denied that motion. Finally, both sides moved for summary judgment, and the District Court

granted Guardian's motion because Kyles and Pierce did not possess the requisite standing. See id. The District Court also dismissed the fraud counterclaim because it lacked independent jurisdiction to hear that claim. See id. Kyles and Pierce appealed the standing issue, which is still pending before the Seventh Circuit.

Subsequently, K&J filed a state law fraud claim against Kyles and Pierce in Illinois state court. In response, Kyles and Pierce filed a retaliation charge with the EEOC against K&J and Guardian, alleging that the filing of the fraud counterclaim in the federal action and the subsequent filing of the fraud claim in state court constituted retaliation in violation of Title VII. The EEOC then initiated the instant suit against K&J and Guardian for retaliation. Presently, Applicants Kyles and Pierce seek to intervene in the action as party plaintiffs as a matter of right pursuant to Rule 24(a)(1) and §2000e-5(f) of Title VII. Their proposed complaint contains two counts, one for retaliation under Title VII and the other for retaliation under §1981.

## DISCUSSION

Presently, the Court only considers Applicants' motion to intervene before it. While Defendants K&J and Guardian seem to concede that Applicants have a right to intervene pursuant to Rule 24(a)(1) and Title VII, §2000e-5(f)(1), Defendants

argue that Applicants' motion should be denied because their proposed complaint fails to state claims that would withstand a motion to dismiss. Because Applicants do possess a right to intervene, the Court will grant their motion. However, the Court will not consider what is essentially a Rule 12(b)(6) motion raised by Defendants in response to Applicants' motion to intervene before a complaint has even been filed. This is not to say that Defendants are precluded from filing a motion to dismiss once Applicants have intervened.

Applicants Kyles and Pierce have an absolute right to intervene in this cause of action brought by the EEOC. See EEOC v. Harris Chernin, Inc., 10 F.3d 1286, 1292 (7th Cir. 1993); EEOC v. Taylor Electric Co., 155 F.R.D. 180, 181-82 (N.D. Ill. 1994). Rule 24(a)(1) provides that "upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene." Fed.R.Civ.P. 24(a)(1). Thus, in order to intervene as a matter of right under Rule 24(a)(1), applicants must satisfy two requirements: applicants must file a timely motion to intervene, and a federal statute must confer an unconditional right to intervene.

Applicants Kyles and Pierce motion to intervene is timely. In determining timeliness of a motion to intervene, a court considers the age of the lawsuit and the

potential delay and prejudicial effect intervention may cause to the "adjudication of the rights of the original parties." Taylor Electric, 155 F.R.D. at 182, quoting United States v. Mid-State Disposal, Inc., 131 F.R.D. 573, 576. Applicants moved to intervene only about two months after the EEOC filed its complaint and there have been no motions filed or discovery conducted. Thus, there will be no delay or prejudice as a result of Applicants' participation in this action.

Moreover, Title VII, §2000e-5(f)(1), grants Kyles and Pierce an unconditional right to intervene in an action initiated by the EEOC. See 42 U.S.C. §2000e-5(f)(1). It provides, in relevant part, "The person or persons aggrieved shall have the right to intervene in a civil action brought by the [EEOC]...." 42 U.S.C. §2000e-5(f)(1); see also Taylor Electric Co., 155 F.R.D. at 182. Because the EEOC complaint in this action names Kyles and Pierce as the aggrieved persons, they have an unconditional right to intervene. Having fulfilled the two requirements of Rule 24(a)(1), Applicants Kyles and Pierce may intervene as of right.

Further, Applicants are not precluded from bringing their §1981 claim. Rule 18(a) permits liberal joinder of claims. See Fed.R.Civ.P. 18(a). Moreover, in a case such as this where Applicants' §1981 claim is "based on the same, or nearly the same, factual allegations" as their Title VII claim, Applicants must join their

claims or risk res judicata barring them from bringing the unjoined claim. See Perkins v. Board of Trustees of the University of Illinois, 116 F.3d 235, 236-37 (7th Cir. 1997); Chapman v. U.S. Steel Division of U.S.X., 12 F.3d 1100, 1993 WL 483112, *1 (7th Cir. 1993) (employee who is claiming racial discrimination, must bring both his Title VII and §1981 claims at the same time to avoid res judicata).

Defendants, however, argue that because Applicants' proposed complaint fails to state viable claims, the Court should deny their motion to intervene as futile. However, the Court does not presently have before it a Rule 12(b)(6) motion or a filed complaint by Applicants, and Rule 24(a)(1) does not require that proposed intervenors demonstrate that their claims are viable before being allowed to intervene. Thus, the Court will not now consider Defendants' premature arguments alleging that Applicants' proposed counts do not state claims.

## CONCLUSION

For the reasons set forth above, the Court grants Applicants' motion to intervene.

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

Dated: March 29, 2000