# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 8116 | **DATE** | 7/13/2000 |
| **CASE TITLE** | EEOC vs. K&J Management, Inc. et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 8/18/2000 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Plaintiff's and Plaintiff-Intervenor's motions (Docs 50-1, 50-2, 51-1 & 51-2) to vacate final judgment and for leave to file amended complaint are granted. The previous dismissals of this matter were not final, and orders dismissing this matter that were previously entered as final, are hereby vacated. Order cause reinstated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 14 2000 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 64 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>K & J MANAGEMENT, INC., and JK GUARDIAN SECURITY SERVICES, INC.,<br><br>    Defendants,<br><br>KYRA KYLES and LOLITA PIERCE,<br><br>    Plaintiff-Intervenors,<br><br>vs.<br><br>K & J MANAGEMENT, INC., and JK GUARDIAN SECURITY SERVICES, INC.,<br><br>    Defendants. | 99 C 8116<br><br>DOCKETED<br>JUL 14 2000 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Plaintiff's and Plaintiff-Intervenor's motions to vacate final judgment and for leave to file an amended complaint pursuant to Federal Rules of Civil Procedure 59(e) and 15(a), respectively. For the reasons set forth below, the Court grants the motions.

## DISCUSSION

Previously, the Court granted the motions to dismiss of Defendants K&J Management, Inc. and JK Guardian Security Services, Inc. (collectively, the "Defendants") against Plaintiff-Intervenors Kyra Kyles and Lolita Pierce. See EEOC v. K&J Management Inc., No. 99 C 8116 (N.D. Ill. June 7, 2000). The Court also granted Defendants' motions for judgment on the pleadings against Plaintiff, the Equal Employment Opportunity Commission. See id. Plaintiff and Plaintiff-Intervenors now move the Court to vacate its dismissal of their complaints and allow them leave to file an amended complaint.

Despite any language to the contrary in the order attached to the Court's memorandum opinion or in the case docket, the Court's previous dismissal and granting of judgment on the pleadings were not final appealable orders. See Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1111 (7th Cir. 1984), citing United States ex rel. Kelly v. Bibb, 255 F.2d 772, 773-74 (7th Cir. 1958) (dismissal of complaint is not a final appealable order); Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633-34, 89 L.Ed. 911 (1945) ("A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"). Although Plaintiff and Plaintiff-Intervenors move pursuant to Rule 59(e) to vacate the dismissal and the judgment on the pleadings, it is unnecessary for them

to move thereunder because the orders were not final. Rather, it is sufficient for the parties to seek leave to amend their complaints pursuant to Rule 15(a).

Rule 15(a) provides that "A party may amend that party's pleading once as a matter of course at any time before a responsive pleading is served...." Fed.R.Civ.P. 15(a). For Rule 15(a) purposes, a motion to dismiss does not constitute a responsive pleading. See Camp v. Gregory, 67 F.3d 1286, 1289 (7th Cir. 1995). Moreover, the dismissal of a complaint is not a final appealable order. See Car Carrier, 745 F.2d at 1111, citing United States ex rel. Kelly v. Bibb, 255 F.2d 772, 773-74 (7th Cir. 1958). Thus, when a court dismisses the original complaint alone, the litigation does not terminate, and the plaintiff still retains his right to amend once as a matter of course. See Car Carrier, 745 F.2d at 1111, citing Peterson Steels, Inc. v. Seidmon, 188 F.2d 193 (7th Cir. 1951). However, when an action is dismissed in its entirety the plaintiff must either appeal the judgment or seek leave to amend under Rule 15(a) after having the judgment reopened under either Rule 59 or Rule 60. See Car Carrier, 745 F.2d at 1111.

Because neither the Court's Rule 12(b)(6) dismissal nor the granting of judgment on the pleadings were final appealable orders, Plaintiff and Plaintiff-Intervenors retain their right to amend once as a matter of course under Rule 15(a). Thus, the Court grants them leave to file an amended complaint.

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's and Plaintiff-Intervenor's motions to amend pursuant to Rule 15(a). Moreover, as the previous dismissals of this matter were not final, any orders dismissing this matter that were previously entered as final, are hereby vacated.

*[signature: Charles P. Kocoras]*

Charles P. Kocoras
United States District Judge

Dated: July 13, 2000